## ARTHUR LOVEGROVE *vs.* JOHN B. BROWN.

*Stockholder—liability of, for corporation debts.    Remedy.*

In R. S., c. 46, § 25, the phrase, 'return of an execution,' means 'return upon an execution.'

Such return may be made whenever, within the life of the execution, the facts will warrant it.

The 'six months,' mentioned in § 25, begin, whenever the officer makes such return, and end before the expiration of six months from the date of the rendition of the judgment against the corporation.

Hence to enable an execution creditor of a corporation to recover any part of his debt of a stockholder individually liable therefor, R. S. of 1857, c. 46, §§ 25 and 26 require, (1) That the officer holding the creditor's execution against the corporation make a return thereon, that it is unsatisfied in whole or in part for want of attachable property of the corporation; (2) That within six months after such return is made, and before the expiration of six months after the date of the rendition of judgment against the corporation, the creditor make demand of the stockholder to disclose and show to the officer, having such execution, attachable property of such corporation sufficient to satisfy the execution; and (3) That after such demand and within six months after the date of the rendition of judgment against the corporation, to sue the stockholder in case.

ON REPORT.

THE CASE is sufficiently stated in the opinion.

*M. M. Butler, J. D. & F. Fessenden,* for the plaintiff.

The 'return' mentioned in R. S. of 1847, c. 46, § 25, is not the same as the return in cases of trustee and bail. It is not the final return of the precept into the clerk's office on its return day, but the indorsement or certificate of the fact that the execution remains in the officer's hands, 'unsatisfied,' etc.

Before making such return the officer must use reasonable efforts to find attachable property of the corporation; he makes it under his official oath, and if false, is subject to action.

'Unsatisfied for want of attachable property' is, in legal effect, the same as 'cannot find attachable property to satisfy the execution' in § 24.

Lovegrove *v.* Brown.

This construction is shown,

1. By a reasonable interpretation of §§ 25 and 26 together; and

2. By reference to prior legislation on the subject.

Both sections 25 and 26 should have effect if possible. By the plaintiff's construction, the creditor can have six months, less twenty-four hours, in which to make his demand; while, by the defendant's, the time for demand is restricted to three months.

The general intent of this statute is to give the creditor six months after rendition of judgment against the corporation, in which to commence his action, and that at 'any time' within the same six months he make the demand whereon to found his action. To do this the demand must be made on the first execution before return day. The words 'such execution' and 'the execution' have a significance. The statute manifestly contemplates that the demand may be made on the same execution upon which the return of 'unsatisfied' is made.

The amendment in 1858, providing thatthe defendant was 'to show and disclose to the officer having such execution or any *alias* executions,' etc., shows by the use of the alternative, that the demand might be on the first execution while alive.

In 1859, the amendment striking out ' to the officer having such execution ' and ' any *alias* execution,' etc., did not change the meaning of ' after the return of an execution unsatisfied.' After this change, the creditor was to make demand both before and. after the amendment, but the officer need not be present. It was only necessary that the creditor must make the demand with a live execution, not for payment but for property.

Therefore the statute, as amended, required the plaintiff in such execution (*i. e.* the execution upon which the officer has made his return of unsatisfied) may make demand on the stockholder to show and disclose attachable property of such corporation, sufficient to satisfy the (*i. e.* the same) execution. *Davis* v. *Whitehead*, 1 Allen, 276.

2. Before 1836, the remedy of the creditor against stockholder was upon the execution issued on judgment against the corporation.

The action of the case was introduced by Statute 1836, c. 200, §§ 3 and 4, incorporated into R. S. of 1841, c. 76, §§ 18 and 19.

After the same demand and notice as was required in order to enforce the execution recovered against the corporation, against the stockholder individually, the action of the case as a concurrent remedy could be brought against the stockholders; consequently the action might be commenced before the return day of the execution. The demand and notice were necessarily upon the execution. This continued the practice till 1855, and there are numerous suits reported under this statute.

In 1855, the legislature struck out the provisions by which the execution against the corporation could be levied on the stockholders' property, and also by which the action of the case could be maintained, and *scire-facias* was substituted for both. Statute, 1855, c. 169. Under this statute (c. 169), even in *scire-facias*, the action could be maintained before the return day of the execution. *Whitney* v. *Hammond*, 44 Maine, 305.

In this c. 169 first occurred the phrase, 'the return of the execution unsatisfied.' The plaintiff claims the same construction now as was given equivalent words in *Whitney* v. *Hammond*.

The remark of Davis, J., in *Whitney* v. *Hammond*, *in arguendo*, that the statute of 1855 and 1856 are different in this respect, can have no binding effect, the statute of 1856 not being then before the court.

These provisions of acts of 1856, which contemplate that the proceedings may be had against the stockholders, before the return day of the execution, are not the result of inadvertency, although the statute may be inartificially drawn, but carry out the system and policy in regard to the mode of procedure which had obtained from the time the remedy by action of the case was given. The action of the case having been introduced as a concurrent remedy to that enforced by the execution recovered against the corporation, and consequently capable of being brought before the return day of the execution, has always retained this characteristic of its origin.

The action of *Hathorn* v. *Calef*, was commenced soon after the Statute of 1856. The copy of the declaration in that case shows

that the proceedings therein were based upon a similar construction to ours. Those proceedings were expressly sanctioned by the court. The question is no longer an open one.

Defendant's counsel makes some objection to the return of the second execution. The return on that is of no consequence, inasmuch as the liability of the stockholder is fixed and made absolute by the demand. Besides the return day of the second execution is after the six months, within which the action must be brought.

The demand on the stockholder may be made on the *alias* execution. *Whitney* v. *Hammond*.

Although it may be made on the first execution before its return day, yet this is not imperative.

'At any time' within six months after the return is made, and of course within the time limited for the commencement of the action, the demand may be made.

*J. & E. M. Rand*, for the defendant.

The manner of enforcing the stockholder's individual liability under R. S. of 1857, c. 46, §§ 25 and 26 is

1. Execution against the company is to be returned unsatisfied, for want of attachable property of company;

2. Within six months after such return, plaintiff to demand upon stockholder; and

3. After such demand, and within six months after judgment against the company, to commence action against the stockholder.

An execution cannot legally be returned unsatisfied, if at all, certainly not to affect third persons, even privies, until the return day. *Niles* v. *Field*, 2 Met. 327; *Rowland* v. *Seymour*, 2 Met. 590; *Roberts* v. *Knight*, 48 Maine, 171; *Austin* v. *Goodale*, 58 Maine, 109; *Adams* v. *Crummisky*, 4 Cush. 420.

Words of c. 86, § 67, authorizing *sci. fac.* against trustee, are similar to those in c. 46, § 25.

'Within three months' mean 'in or at the end of three months,' when applied to return of executions. *Adams* v. *Crummisky, sup.*

The first execution was returned before the return day; and there having been no legal action upon it, there could be no legal

demand upon stockholder, and consequently this action cannot be maintained.

Same objection applicable to return on *alias* execution, with the additional objection, that this action was commenced before the return day of that execution.

Proceedings under *alias* execution not available to plaintiff,— he must proceed under first execution.

*Cole* v. *Butler*, 43 Maine, 401; *Whitney* v. *Hammond*, 44 Maine, 305; *Milliken* v. *Whitehouse*, 49 Maine, 527; and *Hathorn* v. *Calef*, 53 Maine, 471, arose under R. S. of 1841, c. 76, § 18, which provisions are materially different, from c. 46, § 24,—the former authorizing seizure of individual property upon execution against the corporation.

DICKERSON, J.   Case against the defendant as a stockholder in Portland Shovel Manufacturing Company, upon an alleged liability as such for a debt of the corporation.

It is admitted that the defendant was a stockholder in that corporation, as set forth in the writ; and it appears from the evidence that said corporation had exceeded the limitations prescribed in R. S. of 1857, c. 48, § 9, and thereby rendered its stockholders individually liable for its debts, as provided in c. 46, § 24, of the same statute. *Lovegrove* v. *Hunt*, 58 Maine, 22.

The plaintiff recovered judgment against the corporation Oct. 28, 1867, and execution was issued thereon Nov. 5, 1867.   On Jan. 1, 1868, the officer having the execution returned it satisfied in part.   An *alias* execution was issued for the balance, March 5, 1868.   On March 28, 1868, the officer having that execution returned it in no part satisfied, and further certified thereon that the attorney for the creditor, in his presence, and while he had the execution in his hands for collection and service, on March 6, 1868, made demand upon John B. Brown, a stockholder in Portland Shovel Manufacturing Company, to disclose and show attachable property of said corporation sufficient to satisfy the execution, and that said Brown neglected and refused to disclose and show sufficient attachable property of said corporation.   The attorney for

Lovegrove v. Brown.

the plaintiff testified that he made the demand upon the defendant as set forth in the officer's return. The plaintiff brought this action April 1, 1868.

The question presented for our decision is whether the plaintiff is in a situation to enforce upon the defendant the provisional liability imposed upon him by the statute. This depends upon the construction to be put upon R. S. of 1857, c. 46, § 25, as amended by c. 76 of the Public Laws of 1859, and § 26 of the same revision. These sections are as follows:

'Sec. 25. At any time within six months after the return of an execution against a corporation recovered on a debt for which any stockholder is liable under the preceding section, unsatisfied in whole or in part, for want of attachable property of the corporation, the plaintiff in such execution may demand of any stockholder of such corporation to disclose and show attachable property of such corporation, sufficient to satisfy the execution.

'Sec. 26. After demand as aforesaid, the execution creditor may have an action of the case against such stockholder, to recover of him individually the amount of his execution and costs, or the deficiency thereof, not exceeding the amount for which said stockholder is liable by section 24. Such action must be commenced within six months after the date of the rendition of judgment against the corporation.'

The difficulty in giving construction to these sections of the statute arises partly from their apparently inconsistent provisions, and partly from the meaning to be given to the word 'return' in Sec. 25. That section, in terms, allows six months for making the demand 'after the return of the execution,' but section 26 requires that 'the action be commenced within six months after the date of the rendition of judgment.' As by the general law, an execution cannot issue until twenty-four hours after the rendition of judgment, the execution creditor cannot have the entire six months mentioned in section 25, in which to make the demand. This provision of the general law probably escaped the attention of the framers of these sections.

If the execution creditor has not six entire months for making

the demand, what time has he ?   When  does the  time for making
the demand commence to run ?   The plaintiff  claims  that it com-
mences from the time the officer makes his return upon the execu-
tion that it is unsatisfied, etc. ;  the  defendant  that it  commences
from the return day of  the execution.   The plaintiff's theory al-
lows six months for  making  the  demand,  less twenty-four hours,
while the defendant limits the time to three  months  less the same
time.   Does the statute make the remedy of the execution creditor
available immediately upon obtaining his execution against the cor-
poration, and the officer's  return  thereon  that it is unsatisfied, or
does it give the stockholder the benefit of a  delay of  three months
therefrom ?   In other words, is section 25 to have the same con-
struction, in this respect, as it would have if  the  time for making
the demand had been fixed at three  instead of  'six months after
the return of the  execution ?'   The construction contended for by
the learned counsel for the defendant, calls  upon  us  to  hold,  not
only that the legislature  meant  what it did  not say, in terms, but
that it meant  what is inconsistent  with  what it did  say ; for what
consistency or reason can there be in saying that a demand may be
made at any time  within six months  after a particular  event, and
meaning that it must be made within three months thereafterward,
in order to make it available ?   If the legislature intended to allow
only three months for  making  the  demand, it has  certainly used
words very inapt to express its meaning, when  there  was  no diffi-
culty in saying what was intended in express terms.   It is obvious
that such an unnatural and forced construction of  the  statute  can-
not be sustained  unless it is supported by the most  conclusive rea-
sons.

The object of  the  statute  is  to enable an execution  creditor of
a corporation to collect his debt, or a part thereof, of its stockhold-
ers in a specified contingency.   Where this contingency occurs, the
statute requires two things to be done in order to perfect the credi-
tor's remedy against the stockholders.

1.  That the officer holding the execution shall make return upon
it that 'it is unsatisfied in whole or in part  for  want  of  attachable

property of the corporation.' The officer has the right to make such return, if the facts warrant it, on any day during the life of the execution, be it the first, or the ninetieth, or any intermediate day. He may or may not return the execution to court on the day he makes such return; this is not necessary in order to perfect the creditor's right to take the next step for enforcing his claim against the stockholder. That right is complete when the officer has made the required return upon the execution, that act alone, and not the return of the execution to court, being the necessary prerequisite for taking the next step in the process.

2. The next thing required to be done by the 'plaintiff, in such execution,' is to make 'demand upon the stockholder to disclose and show attachable property of such corporation sufficient to satisfy the execution.'

This demand must be made during the life of the execution in order that the property of the corporation, if any, disclosed and shown to the creditor may be taken upon it. It is obvious, too, from the phraseology, 'plaintiff in such execution,' and 'to satisfy the execution,' that the demand may be made upon the same execution on which the officer has made his return that it is unsatisfied. But if no demand can be made until after the return day of the execution, then no demand can be made on the first execution, though the officer has made the necessary return upon it. The statute does not restrict the time for making the demand to six months after the return day of the execution, but to six months after the return of the execution, if so long a time shall remain from the date of the return upon the execution, to the expiration of the six months after the day of the rendition of judgment, otherwise to so long a time as shall thus remain. The misapprehension arises from interjecting the word day after 'return,' and then assuming that 'return' has reference to time only and not to the certificate of the officer. That the latter construction is the true one is confirmed by the consideration that the section in which this word is used prescribes the requisites of 'the return' upon the execution as follows: 'unsatisfied in whole or in part for want of attachable

Lovegrove *v.* Brown.

property of the corporation.' A certificate that does not conform to this requirement is not a 'return.' The 'return of the execution' means the return upon the execution; the meaning of section 25 in this respect is the same as though it read, ' at any time within six months after the return upon the execution, the plaintiff in such execution may make demand of any stockholder, etc.'

This construction gives effect to the express language of the statute, as nearly as can be done, and substantially reconciles the apparently conflicting provisions of sections 25 and 26. It also facilitates the accomplishment of the purpose of the statute by preventing the useless and prejudicial delay which the contrary construction necessitates.

It is, too, the more reasonable construction, since no beneficial purpose would be subserved by excluding from the time fixed for making the demand the interval between the date of the officer's return and the return day of the execution, while the execution creditor by such delay might be deprived of the opportunity to collect his debt. In cases of doubt the legislature is always presumed to have intended the most beneficial construction of its acts. Besides, the view we have taken of the statute under consideration is strengthened by the history of the previous legislature upon this subject, and the decisions thereon, as appears by the argument and citations of the learned counsel for the plaintiff.

The case finds that the defendant was an original stockholder in the Portland Shovel Manufacturing Company, to the amount of twenty shares, at the par value of one hundred dollars each, and that he continued to own that amount of stock up to the time of the commencement of this action.

> *Judgment for the plaintiff in the sum of two thousand dollars and interest from the date of the writ.*

APPLETON, C. J.; KENT, WALTON, and BARROWS, JJ., concurred.